# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| RUTH A. WOODALL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-10-047-SPS |
| | ) |
| MICHAEL J. ASTRUE, | ) |
| Commissioner of the Social | ) |
| Security Administration, | ) |
| | ) |
| Defendant. | ) |

## OPINION AND ORDER

The claimant Ruth A. Woodall requests judicial review pursuant to 42 U.S.C. § 405(g) of the decision of the Commissioner of the Social Security Administration ("Commissioner") denying her application for benefits under the Social Security Act. The claimant appeals the decision of the Commissioner and asserts that the Administrative Law Judge ("ALJ") erred in determining she was not disabled. For the reasons discussed below, the Commissioner's decision is hereby REVERSED and the case REMANDED for further proceedings.

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment[.]" 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his

age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy[.]" *Id*. § 423 (d)(2)(A). Social security regulations implement a five-step sequential process to evaluate a disability claim. *See* 20 C.F.R. §§ 404.1520, 416.920.[1]

Section 405(g) limits the scope of judicial review of the Commissioner's decision to two inquiries: whether the decision was supported by substantial evidence and whether correct legal standards were applied. *See Hawkins v. Chater*, 113 F.3d 1162, 1164 (10th Cir. 1997). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971), *quoting Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938). *See also Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996). The Court may not reweigh the evidence or substitute its discretion for the Commissioner's. *See Casias v. Secretary of Health & Human Services*, 933 F.2d 799, 800 (10th Cir. 1991). But the Court must review the record as a whole, and "[t]he substantiality of the evidence must take into account whatever in the record fairly detracts

---

[1] Step one requires the claimant to establish that she is not engaged in substantial gainful activity. Step two requires the claimant to establish that she has a medically severe impairment (or combination of impairments) that significantly limits her ability to do basic work activities. If the claimant *is* engaged in substantial gainful activity, or her impairment *is not* medically severe, disability benefits are denied. If she *does* have a medically severe impairment, it is measured at step three against the listed impairments in 20 C.F.R. Part 404, Subpt. P, App. 1. If the claimant has a listed (or "medically equivalent") impairment, she is regarded as disabled and awarded benefits without further inquiry. Otherwise, the evaluation proceeds to step four, where the claimant must show that she lacks the residual functional capacity (RFC) to return to her past relevant work. At step five, the burden shifts to the Commissioner to show there is significant work in the national economy that the claimant *can* perform, given her age, education, work experience and RFC. Disability benefits are denied if the claimant can return to any of her past relevant work or if her RFC does not preclude alternative work. *See generally Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988).

from its weight." *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951); *see also Casias*, 933 F.2d at 800-01.

**Claimant's Background**

The claimant was born on December 7, 1961, and was forty-eight years old at the time of the most recent administrative hearing. She has a twelfth grade education and has worked as a licensed practical nurse. The claimant alleges inability to work since July 30, 2003 due to fibromyalgia, rheumatoid arthritis, and right foot problems (Tr. 73).

**Procedural History**

The claimant applied for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401-434, and for supplemental security income payments under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-85, on December 10, 1997. ALJ Michael A. Kirkpatrick conducted an administrative hearing and found that the claimant was not disabled. The claimant appealed to this Court, which reversed the Commissioner's decision in Case No. CIV-07-421-FHS-SPS and remanded the case to the ALJ for further proceedings. The ALJ conducted another administrative hearing and once again found that the claimant was not disabled on January 14, 2010. The Appeals Council denied review, so the January 14, 2010 opinion by the ALJ is the final decision of the Commissioner for purposes of this appeal. *See* 20 C.F.R. §§ 404.981, 416.1481.

**Decision of the Administrative Law Judge**

The ALJ made his decision at step five of the sequential evaluation. He found that the claimant had the residual functional capacity ("RFC") to perform the full range of sedentary work, *i. e.*, she could lift/carry no more than ten pounds occasionally and five

pounds frequently; stand/walk for at least two hours total during an eight-hour workday; and sit for at least six hours total during an eight-hour workday (Tr. 243). The ALJ concluded that although the claimant could not return to her past relevant work, she was nevertheless not disabled according to "the grids," *i. e.*, Rule 201.21 of the Medical-Vocational Guidelines.

**Review**

The claimant contends that the ALJ erred: (i) by failing to properly evaluate the opinion of her treating physician; (ii) by relying on the grids at step five to find that she was disabled; (iii) by failing to properly analyze her own credibility; and, (iv) by failing to include all of her limitations in her RFC. Because the ALJ did fail to properly apply the grids at step five, the decision of the Commissioner must be reversed and the case remanded to the ALJ for further proceedings.

The claimant contended in her previous appeal to this Court (Case No. CIV-07-421-FHS-SPS) that her severe fibromyalgia was a "pain syndrome," *i. e.*, a nonexertional impairment precluding the conclusive application of the grids on disability. *See, e. g., Hargis v. Sullivan,* 945 F.2d 1482, 1490 (10th Cir. 1991) (use of the grids is "particularly inappropriate when evaluating nonexertional limitations such as pain"), *citing Channel v. Heckler,* 747 F.2d 577, 580-81 (10th Cir. 1984). *See also Duncan v. Apfel,* 1998 WL 544353, at *2 (10th Cir. Aug. 26, 1998) ("Fibromyalgia is defined as a syndrome of pain in the fibrous tissues, muscles, tendons, ligaments, etc.") [unpublished opinion], *citing* The Merck Manual of Diagnosis & Therapy, at 1369 (Robert Berkow & Andrew J. Fletcher eds., 16th ed. 1992). The Court agreed, observing that the claimant's pain could

not logically be characterized as insignificant in light of the ALJ's determination that her fibromyalgia was a severe impairment. *See Duncan,* 1998 WL 544353, at *2 ("We note the inconsistency of finding that a pain syndrome is severe at step two and insignificant at step five."). The Court concluded that it was error for the ALJ to rely conclusively upon the grids to find that the claimant was not disabled under the circumstances, *see Baker v. Barnhart,* 84 Fed. Appx. 10, 13 (10th Cir. 2003) ("The ALJ's step two-two finding [that the claimant's pain syndrome was a severe impairment] makes it impossible to conclude at step four that her pain was insignificant, and he therefore erred by relying conclusively on the grids."), and reversed the Commissioner's decision for this and other errors by the ALJ. *See* Case No. CIV-07-421-FHS-SPS, Docket Nos. 20-21). The Court instructed the ALJ as to the proper procedure for addressing the claimant's pain due to fibromyalgia on remand: "On remand, he must assess the level of pain she suffers, and determine whether there are jobs she can do with that level of pain." *Baker,* 84 Fed. Appx. at 13-14, *citing Thompson v. Sullivan,* 987 F.2d 1482, 1490-91 (10th Cir. 1993). *See also* Soc. Sec. Rul. 96-9p, 1996 WL 374185, *5 (noting that when an ALJ cannot rely conclusively on the grids, he "must cite examples of occupations or jobs the [claimant] can do and provide a statement of the incidence of such work in the region where the [claimant] resides or in several regions of the country.").

The Court's instructions to the ALJ thus required him to determine the claimant's level of pain due to fibromyalgia at step four and include it in her RFC as a nonexertional impairment, then utilize a VE at step five to determine whether there was work she could perform with her pain. The ALJ was undoubtedly obliged to follow these instructions on

remand, *see Grigsby v. Barnhart,* 294 F.3d 1215, 1218 (10th Cir. 2002) ("Although primarily applicable between courts of different levels, the [law-of-the-case] doctrine and the mandate rule apply to judicial review of administrative decisions, and 'require[ ] the administrative agency, on remand from a court, to conform its further proceedings in the case to the principles set forth in the judicial decision, unless there is a compelling reason to depart.'"), *quoting Wilder v. Apfel,* 153 F.3d 799, 803 (7th Cir. 1998). *See also Brachtel v. Apfel,* 132 F.3d 417, 420 (8th Cir. 1997) ("[I]f the District Court actually found that Brachtel needed to lie down, the ALJ would be bound by that finding."), but did not do so. He did employ a VE (although he made it clear he felt it was unnecessary), but essentially to confirm his own conclusion that the claimant was disabled according to Medical-Vocational Rule 201.21 of the grids (Tr. 249-50). The ALJ did not include in the claimant's RFC any component for fibromyalgia pain because he found her testimony on the disabling nature of such pain to be unbelievable (Tr. 248), thus repeating the error he committed in Case No. CIV-07-421-FHS-SPS. *See Duncan,* 1998 WL 544353, at *2 ("The ALJ also appears to have considered primarily whether plaintiff's pain was totally disabling and to have given short shrift to the possibility that it was significant even if not disabling.").[2]

Because the ALJ failed to follow the Court's explicit instructions in Case No. CIV-07-421-FHS-SPS for the proper treatment of the claimant's fibromyalgia pain on remand, the decision of the Commissioner must again be reversed and the case again

---

[2] The VE testified that all work would be precluded by the pain limitations incorporated into various of the ALJ's hypothetical questions at the administrative hearing (Tr. 333-34), but as noted the ALJ did not ultimately include any such limitations in the claimant's RFC.

remanded to the ALJ for further proceedings. Such proceedings must be conducted in accordance with the Court's decision in Case No. CIV-07-421-FHS-SPS and in this case.

## Conclusion

In summary, the Court finds that correct legal standards were not applied, and the Commissioner's decision is therefore not supported by substantial evidence. Thus, the decision of Commissioner is accordingly REVERSED and the case hereby REMANDED for further proceedings consistent herewith.

**DATED** this 31st day of March, 2011.

_____
Steven P. Shreder
United States Magistrate Judge
Eastern District of Oklahoma